IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHARLES WILLIAM KING, III           :

   Plaintiff                                      :

v.                                                    :         Civil Action No. AMD-06-993

JACK LESSER, HON. JUDGE        :
and PATAPSCO, DISTRICT COURTHOUSE.
                                                        :
   Defendants

..o0o..

MEMORANDUM

Plaintiff in this civil rights case, filed on April 19, 2006, alleges that his rights were violated when the judge in his criminal assault case would not listen to evidence he wanted to present regarding statements made to him by the victim in his case. Paper No. 1. Plaintiff has also filed a motion to proceed in *forma pauperis*. Paper No. 2. Because he appears to be indigent, plaintiff's motion shall be granted. For the reasons that follow, the complaint shall be dismissed.

This Court is obliged by 28 U.S.C. §1915A to screen prisoner complaints and dismiss any complaint that is frivolous, malicious or fails to state a claim upon which relief may be granted. In deciding whether a complaint is frivolous "[t]he district court need not look beyond the complaint's allegations . . . . It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989).

The sole claim asserted in the instant complaint pertains to decisions made by Maryland state judges in their capacities as a judge. This cause of action cannot be maintained because it is prohibited by the doctrine of judicial immunity. *See Forrester v. White*, 484 U.S. 219, 226–27 (1988)("If judges were personally liable for erroneous decisions, the resulting avalanche of suits,

most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits."). The complaint, therefore, fails to state a claim upon which relief may be granted and will be dismissed.

Plaintiff is reminded that under 28 U.S.C. §1915(g) he will not be granted *in forma pauperis* status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." The instant case will be the first filed by Plaintiff that has been dismissed as frivolous.

For the reasons stated, this case will be dismissed by separate order.


Filed: April 24, 2006                                    /s/
                                              Andre M. Davis
                                              United States District Judge